IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILFRED L. ANDERSON,

    **Plaintiff,**

  v.

    Civil Action 2:24-cv-1951
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

BRENDA HARRISON,

    **Defendant.**

## REPORT AND RECOMMENDATION

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

When contemplating dismissal under Rule 41(b), a court must consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;
(2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to

dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citation omitted).

On April 23, 2024, Plaintiff initiated this case. (ECF No. 1.) On September 25, 2024, the Court issued a Show Cause Order regarding Plaintiff's failure to effectuate service and cautioning him that failure to comply could result in a dismissal of his action. (ECF No. 17.) Plaintiff filed a response to the Court's Order, and the Court granted Plaintiff an additional 21 days to effectuate service. (ECF No. 23.) The Court cautioned Plaintiff that failure to comply with its Order would result in a recommendation of dismissal. (*Id.*) To date, Plaintiff has failed to effectuate service on the remaining Defendants as is required by Federal Rule of Civil Procedure 4.

It is evident from the facts enumerated above that Plaintiff is at fault for his failure to comply with the Court's Orders and failure to effectuate service, and it is unlikely that any lesser actions would be effective. Moreover, the Court put Plaintiff on notice that failure to effectuate service could result in dismissal of his action. *See Stough*, 138 F.3d at 615 (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).

Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**. In light of the Recommendation, the Undersigned further **RECOMMENDS** that the Plaintiff's Motions (ECF Nos. 3, 4, 5, 6, 7) be **DENIED as moot**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties its objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: November 19, 2024        */s/ Elizabeth A. Preston Deavers*
                               **ELIZABETH A. PRESTON DEAVERS**
                               **UNITED STATES MAGISTRATE JUDGE**