## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **WILFRED L. ANDERSON, M.D.,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-CV-01951** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | **Magistrate Elizabeth Preston Deavers** |
| **STATE OF OHIO, *et al.*,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION AND ORDER

This matter comes before this Court on Defendant State of Ohio's Motion to Dismiss (ECF No. 30) and Plaintiff's Motion to Dismiss Defendant Brenda Harrison (ECF No. 47). For the reasons set forth below, the motions are **GRANTED.** (ECF Nos. 30, 47).

## I. BACKGROUND

Plaintiff Wilfred Anderson, M.D. ("Dr. Anderson") brings this action against the State of Ohio and Ohio State Medical Board (collectively, "Defendants"), seeking relief from a 1997 state misdemeanor conviction for attempted gross sexual imposition, which subsequently led to the revocation of his medical license in 1998. (*See* ECF No. 22 ¶¶ 16, 31). Plaintiff asserts a due process violation under 42 U.S.C. § 1983 and seeks a declaratory judgment that the state conviction is void. (*Id.* ¶¶ 31–41).

Plaintiff first filed this action on April 23, 2024. (ECF No. 1). His original complaint named only Brenda Harrison, "Enforcement Investigator" for the State Medical Board of Ohio, as a defendant. (*Id.*). On June 10, 2024, he filed an amended complaint, naming the Ohio State Medical Board as an additional defendant. (ECF No. 14). On October 11, 2024, he filed a "Superseding Complaint" against the State of Ohio and Ohio State Medical Board. (ECF No. 22). In a subsequent

motion to remove Brenda Harrison as a defendant, Plaintiff claims that the Superseding Complaint "deliberately omits Harrison as a defendant because her presence is not necessary for the Court to grant the declaratory relief sought." (*See* ECF No. 47 at 1).

On November 11, 2024, Defendants moved to dismiss Plaintiff's Complaint for (1) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (2) insufficient service under Fed. R. Civ. P. 12b(5); and failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 30). Plaintiff has filed numerous briefs opposing the motion. (*See* ECF Nos. 33–42). This matter is now ripe for review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc*., 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

The pleadings of a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Among such essentials are the

2

obligations under Rule 8(a) to provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

When a defendant challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). A "party faced with a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) may not rest on factual assertions in its pleadings." *Rutkofske v. Norman,* No. 95–2038, 1997 WL 299382, *3 (6th Cir. 1997); *see also Ohio Nat'l Life Ins. Co. v. United* States, 922 F.2d 320, 325 (6th Cir.1990) ("[W]hen a court reviews a complaint under a factual attack [on jurisdiction], ... no presumptive truthfulness applies to the factual allegations."). Nonetheless, the nonmoving party must still be given ample opportunity to secure and present evidence relevant to the existence of jurisdiction. *Rogers v. Stratton Industries, Inc..,* 798 F.2d 913, 918 (6th Cir.1986). Accordingly, this Court may look beyond the jurisdictional allegations contained within the complaint and consider all the evidence that is submitted. *Humphrey v. U.S. Attorney General's Office,* No. 07–3740, 2008 WL 2080512, *3 (6th Cir.2008).

### III. LAW AND ANALYSIS

Because Plaintiff has agreed to dismiss one of the moving defendants (*see* ECF No. 47), this Court addresses Defendants' motion to dismiss (ECF No. 30) only as to the two remaining moving defendants, the State of Ohio and the Ohio Medical Board.   Having reviewed the parties' submissions, this Court finds that several grounds support dismissal of this action. First, Defendants—the State of Ohio and the Ohio Medical Board, a state agency—are immune from suit under the Eleventh Amendment. Second, pursuant to the Rooker–Feldman doctrine, this Court is without jurisdiction over

Plaintiff's claims, which essentially seek review of a state-court criminal conviction against him. Finally, Plaintiff's claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), because any finding that Defendants' conduct was unlawful would render Plaintiff's underlying state-court criminal conviction invalid, and Plaintiff has not first established a favorable termination of that proceeding.[1] Accordingly, this Court **GRANTS** Defendants' motion to dismiss (ECF No. 30) and **GRANTS** Plaintiff's Motion to Dismiss Defendant Brenda Harrison (ECF No. 47).

### A.  Eleventh Amendment

Defendants argue that Plaintiff's § 1983 claim is barred by the Eleventh Amendment to the United States Constitution.   Under the Eleventh Amendment, federal courts lack jurisdiction to hear suits by private citizens against a State unless the State explicitly consents to the suit or unless Congress, pursuant to a valid exercise of power, indisputably consents its intent to abrogate state immunity. *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Specifically, the Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.   Eleventh Amendment immunity applies not only to suits against a state but also to those against "one of its agencies or departments."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Furthermore, "[s]tates are protected by the Eleventh Amendment

---

[1] Defendants also move to dismiss Plaintiff's claims on other grounds. (*See generally* ECF No. 30). Specifically, they contend that Dr. Anderson failed to effectuate service on the remaining defendants by November 13, 2024, as ordered by this Court (*see* ECF No. 23); that the doctrine of res judicata bars his claims; that he fails to plausibly state a claim for substantive or procedural due process violations; that his § 1983 claim is time-barred; and that Defendants are not "persons" subject to § 1983 suits. Because this Court dismisses this action for lack of jurisdiction and based on *Heck v. Humphrey*, however, this Court does not address Defendants' other arguments.

from suits brought under section 1983, because the statute only creates a cause of action against a 'person' who causes the deprivation of another's Constitutional rights." *Brown v. Strickland*, No. 2:10-CV-166, 2010 WL 2629878, at *2 (S.D. Ohio June 28, 2010) (internal citations omitted).

The State of Ohio argues that it has not consented to suit in federal court; abrogation is not at issue; and the exception of *Ex Parte Young* "does not apply against the State itself". (ECF No. 30 at 11). Plaintiff responds that the Eleventh Amendment does not bar relief here because the *Ex Parte Young* exception applies. (ECF No. 33 at 3).

In *Ex Parte Young*, the United States Supreme Court established an exception to Eleventh Amendment immunity for claims for injunctive relief against individual state officials in their official capacities. 209 U.S. 123, 150–157 (1908). Specifically, the Court held that a suit challenging the constitutionality of the state official's action in enforcing state law is not considered to be against the State, and therefore Eleventh Amendment immunity does not apply. *Id.* at 150–156. Additionally, "[i]n order to qualify under *Ex parte Young*, such an action must seek prospective relief to end a continuing violation of federal law." *Carten v. Kent State University*, 282 F.3d 391, 395 (6th Cir. 2002).

Here, the *Ex Parte Young* exception does not apply because Plaintiff's request for declaratory relief is retrospective in that it addresses only past violations related to his criminal prosecution and conviction. In other words, in order for Plaintiff to be made whole for the alleged constitutional injury, this Court would have to issue a declaration that the prior judgment of the Cuyahoga County Court of Common Pleas, in accepting Plaintiff's plea bargain, was in error. Because the acceptance of the plea bargain and state court judgment are past injuries, Plaintiff is seeking retrospective relief which is barred by the Eleventh Amendment. *See Brown*, 2010 WL 2629878, at *3-5.

### B. *Rooker-Feldman Doctrine*

To the extent that any claim is not precluded by the Eleventh Amendment, Defendants argue that it is precluded by the doctrine of Rooker-Feldman. *See Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Rooker–Feldman doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague*, 90 Fed. App'x. 908, 910 (6th Cir.2004). Rooker-Feldman embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and federal district courts thus lack jurisdiction to review such matters. *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). Where the "source of injury" for the plaintiff's claim is the state court judgment, then this Court lacks jurisdiction to review the claim. *Id*. But "if the source is anything other than 'the state-court judgment itself,' then Rooker-Feldman does not apply." *Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024).

Here, Plaintiff's Complaint centers on Brenda Harrison's alleged misconduct in the state court criminal proceeding, that he claims deprived him of his constitutional rights. (ECF No. 1-2 at 39). He alleges that her fraud so pervaded the criminal case that it played a "central role" in securing a "rushed" plea deal, his acceptance of which created a "void" judgment. (ECF No. 33 at 5–7). Plaintiff, however, has failed to appeal timely to the state court of last resort. (ECF No. 30 at 11-12). Any relief he now requests is directly tied to the state-sanctioned plea deal, such that the Plaintiff's injury arises from a state-court judgment.

Accordingly, "[b]ecause Plaintiff is asking this Court to sit in direct review of what is an unappealed state court conviction, the Rooker–Feldman doctrine squarely prohibits Plaintiff's claims and this Court's jurisdiction." *Glasscock v. Vill. of Mt. Orab, Ohio*, No. 1:15-CV-454, 2016 WL

1594429, at *5 (S.D. Ohio Mar. 4, 2016), *report and recommendation adopted*, No. 1:15-CV-454, 2016 WL 1601214 (S.D. Ohio Apr. 20, 2016).

### C. *Heck v. Humphrey*

Finally, Defendants argue that Dr. Anderson fails to state a plausible § 1983 claim because, among other things, the claim is precluded by *Heck v. Humphrey,* 512 U.S. 477 (1994).   In that case, the Supreme Court held that a plaintiff's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in his favor would "necessarily imply" the invalidity of his criminal conviction or sentence, unless he can demonstrate that the sentence or conviction has previously been invalidated. The rule of *Heck* eliminates "parallel litigation over the issues of probable cause and guilt ... and it precludes the possibility of the claimant succeeding in the [civil] action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id*. at 485.

Here, Plaintiff does not dispute that his state conviction remains valid. He therefore cannot bring a § 1983 claim that subverts the legality of his underlying criminal prosecution until that criminal prosecution has been resolved in the plaintiff's favor. *See id.* at 474. Because the criminal proceeding that is the subject of Plaintiff's Complaint resulted in Plaintiff's conviction, and Plaintiff has not established a favorable termination of that proceeding, *Heck* bars Plaintiff's § 1983 claims for due process violations.

7

## V. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendants' motion to dismiss (ECF No. 30)

and **GRANTS** Plaintiff's Motion to Dismiss Defendant Brenda Harrison (ECF No. 47).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:    September 24, 2025**

8